STEPTOE & JOHNSON LLP
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile:  (602) 257-5299
David J. Bodney (0006065) dbodney@steptoe.com
Chris Moeser (0022604) cmoeser@steptoe.com

Attorneys for Plaintiffs
Star Publishing Co. and
Tony Davis

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| STAR PUBLISHING CO., and TONY DAVIS, | No. _____ |
| Plaintiffs, | **COMPLAINT FOR INJUNCTIVE RELIEF** |
| vs. | |
| UNITED STATES FISH AND WILDLIFE SERVICE; UNITED STATES DEPARTMENT OF THE INTERIOR, | |
| Defendants. | |

Plaintiffs Star Publishing Co. and Tony Davis (collectively, "Plaintiffs" or the "*Star*"), for their Complaint against Defendants United States Fish and Wildlife Service and Department of the Interior, plead as follows:

## Jurisdiction and Venue

1.  This is an action brought under the Freedom of Information Act, 5 U.S.C. § 552, to secure an order directing Defendants to produce certain records for inspection and duplication, which Defendants have improperly withheld from the *Star*.

2.  This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). Plaintiffs Star Publishing Co. and Tony Davis reside in Pima County, Arizona, and venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B).

Parties

3. Star Publishing Co. is an Arizona corporation that publishes the *Arizona Daily Star*, a newspaper of general circulation in Tucson, Arizona.

4. Tony Davis is a news reporter employed by Star Publishing Co., Inc. On behalf of Star Publishing Co., Mr. Davis requested the records that Defendants persist in withholding. Mr. Davis first requested these materials in May 2011 for use in a news story, and prompt release is essential because of the strong public interest in, and importance of, the information contained in the records.

5. Defendant U.S. Fish and Wildlife Service (the "Service") is a bureau of the United States Department of the Interior having possession, custody or control of the records that the *Star* seeks, and is responsible for the initial processing and denial of the *Star*'s Freedom of Information Act ("FOIA") request.

6. Defendant United States Department of the Interior (the "Department") is a department of the executive branch of the government of the United States having possession, custody or control over the records that the *Star* seeks, and is responsible under its regulations for reviewing appeals from denials by the Service of FOIA requests.

Factual and Procedural Background

7. The records at issue in this FOIA Complaint involve the Service's completed criminal investigation of the capture and death of the jaguar Macho B in Southern Arizona that occurred in February and March of 2009. Specifically, this FOIA action involves the public's right to inspect the Macho B Investigative Report, as defined in paragraph 23 of this Complaint.

8. Macho B, at the time the last known wild jaguar in the United States, was captured as part of a joint bear-lion study conducted by the Service and the Arizona Department of Game and Fish. The $3 million study was designed to capture and place radio collars on mountain lions and bears to monitor and document their movements and range. Although jaguars were not included in the study, at some point researchers

1 discovered Macho B roaming in the study area, and decided to attempt to capture him. The study was part of several border wildlife studies financed by the U.S. Department of Homeland Security to examine the impact of a border fence on wildlife migration patterns.

9. On or about February 18, 2009, Macho B was snared in a trap set by researchers. Macho B suffered serious injuries from his efforts to escape the snare, including severe cuts and swelling to one of his legs and the loss of a canine tooth as he struggled to free himself. The 16-year-old jaguar was eventually tranquilized, fitted with a radio collar and freed by researchers.

10. A few days after Macho B was released, researchers discovered he was suffering from trauma associated with his capture and was immobile. On March 1, 2009, researchers attempted to recapture Macho B. He was located about two miles from the site he was originally snared, but the attempt to capture him failed.

11. On March 2, 2009, Macho B was treed by tracking hounds and shot with a tranquilizer dart from a helicopter. When researchers found him, he had lost 20 pounds in less than two weeks and a hind leg was swollen with infection.

12. Researchers flew Macho B to the Phoenix Zoo, where he was diagnosed with kidney failure and euthanized.

13. After Macho B's death, the Service's Office of Law Enforcement launched a criminal investigation into the jaguar's capture and subsequent death.

14. Attached is a true and correct copy of a news account of the Service's involvement with Macho B that was co-authored by Mr. Davis and published in the *Arizona Daily Star*. [*See* Declaration of Tony Davis ("Davis Decl."), Ex. 1]

The *Star*'s FOIA Request

15. By email dated May 26, 2011, the *Star* requested access to records in the Service's possession. Specifically, the *Star* requested copies of "all reports, memos, emails, correspondence and other records, printed and electronic, in the service's

1  possession, concerning the just completed criminal investigation into the capture and
2  death" of Macho B (the "Investigative Report").  [*See* Davis Decl., Ex. 2]

3      16.    On July 6, 2011, the *Star* renewed the request.  [Davis Decl., Ex. 3]

4      17.    On February 17, 2012, the Service partially complied with the *Star*'s
5  request, producing copies of 3,430 pages of responsive documents.  However, the
6  Service heavily redacted numerous pages of records, and withheld over 230 pages of
7  documents entirely.

8  <u>The *Star*'s Administrative Appeal of the Service's Denial</u>

9      18.    On March 28, 2012, the *Star* timely appealed the Service's denial of its
10 request.  Specifically, the *Star* appealed three of the Service's groups of witholdings
11 and redactions to the Investigative Report made under 5 U.S.C. § 552(b)(4-7).  [*See*
12 Davis Decl., Ex. 4]

13     19.    The *Star* did not receive a response to its appeal.  The Service's deadline
14 to respond to the appeal was 20 work days from March 28, 2012, or April 25, 2012.
15 *See* 5 U.S.C. § 552(a)(6)(A)(ii).

16 <u>The *Star*'s Efforts to Avoid Litigation and the Service's Continued Delays</u>

17     20.    On January 17, 2013, in one last attempt to avoid litigation, the *Star*'s
18 counsel sent a letter to the Service and informed the Service that the *Star* had received
19 no response to its appeal from the Service  or the Department.  The letter requested that
20 the Service produce the requested records by February 1, 2013, and it included for the
21 Service's review a draft FOIA Complaint.  [Declaration of David J. Bodney ("Bodney
22 Decl."), Ex. A]

23     21.    Although the *Star* requested that the Service respond to Mr. Bodney's
24 letter by February 1, 2013, the Service did not respond to the letter.

25     22.    Despite having endeavored to secure access to the Investigative Report
26 and related records for more than 18 months, the *Star*'s efforts to obtain these records
27 have been repeatedly delayed or rebuffed by the Service.

28

The Scope of Information Sought By the *Star* in This Action

23. By this Complaint, the *Star* seeks access to inspect and copy the Investigative Report, including: (a) the names of all public officials mentioned in the Investigative Report; (b) the names of all private citizens mentioned in the Investigative Report who already have been identified in news coverage about the Macho B case or who were otherwise identified in publicly-disclosed state or federal records; (c) all segregable factual information in the 98 pages of the Investigative Report withheld under Exemption 5 relating to inter-agency or intra-agency memoranda; and (d) all segregable information in 41 pages of the Investigative Report withheld under Exemption 4 relating to confidential business information (the "Macho B Records").

24. Indeed, public officials and others involved in the Macho B investigation have been revealed in recent media accounts. [*See* http://www.azcentral.com/news/articles/20121209macho-b-cover-up-celebrations.html] In the circumstances, there can be no doubt that these names should be disclosed if only to ensure an accurate accounting of the activities of public officials.

25. The *Star* has a right of access to the Macho B Records under 5 U.S.C. § 552(a)(3), and there is no legal basis for Defendants' denial of such access.

26. The *Star*, having exhausted all administrative appeals procedures, is entitled to relief in this Court to enforce the provisions of the Freedom of Information Act.

WHEREFORE, Plaintiffs request that this Court:

A. Assert jurisdiction in this action;

B. Enjoin Defendants from withholding, and order Defendants to produce forthwith, the Macho B Records to the *Star* for the purpose of inspection and copying;

C. Expedite this proceeding as provided for in 28 U.S.C. § 1657;

D. Award the *Star* its reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such other and further relief as it may deem just and proper.

RESPECTFULLY SUBMITTED this 6th day of February, 2013.

        STEPTOE & JOHNSON LLP

        By  s/ David J. Bodney
           David J. Bodney
           Chris Moeser
           201 East Washington Street, Suite 1600
           Phoenix, Arizona 85004-2382

        Attorneys for Plaintiffs
        Star Publishing Co. and
        Tony Davis

## CERTIFICATE OF FILING

I hereby certify that on the 6th day of February, 2013, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing.

s/ LuAnn Pirro