1
2
3
4
5
6            **IN THE UNITED STATES DISTRICT COURT**
7               **FOR THE DISTRICT OF ARIZONA**
8
9  Star Publishing Company; Tony Davis, )   No. CV-13-00080-TUC-CKJ (DTF)
                                        )
10            Plaintiffs,               )   **REPORT AND RECOMMENDATION**
                                        )
11 v.                                   )
                                        )
12                                      )
   United States Fish and Wildlife Service;)
13 United States Department of the Interior, )
                                        )
14            Defendants.               )
                                        )
15                                      )
                                        )
16 _____)
17        Defendants United States Fish and Wildlife Service ("the Service") and United States
18 Department of the Interior ("Interior Department") have filed a Motion for Summary
19 Judgment ("Defs.' MSJ"), a Statement of Material Facts As To Which There Is No Genuine
20 Dispute ("DSOF"), and Defendants' Vaughn Index. (Doc. 22-23). Plaintiffs Star Publishing
21 Company ("Star") and Tony Davis ("Davis") have filed a Cross-Motion for Summary
22 Judgment, Request for In Camera Review and Response in Opposition to Defendants' Motion
23 for Summary Judgment ("Pls.' MSJ") and a Controverting Statement of Facts ("PSOF") (Doc.
24 24-25). Defendants have filed a Response to Plaintiffs' Cross-Motion for Summary ("Defs.'
25 Resp.") and a Response to Plaintiffs' Controverting Statement of Facts ("Defs.' Resp. SOF").
26 (Doc. 26-27). Plaintiffs have filed a Reply ("Pls.' Reply"). (Doc. 28). This matter has been
27 referred to the Magistrate Judge for a Report and Recommendation. (Doc. 14, 29).
28

1    The Magistrate Judge recommends the District Court, after its independent review of
2    the record, enter an order granting in part and denying in part the Defendants' Motion for
3    Summary Judgment and granting in part and denying in part the Plaintiffs' Cross-Motion for
4    Summary Judgment.

5    **I.       BACKGROUND FACTS**

6        On May 26, 2011, Marion D. Dean, a Freedom of Information Act ("FOIA")
7    Coordinator for the Service, received Davis' electronic FOIA request for "access to and
8    copies of all reports, memos, emails, correspondence and other records, printed and
9    electronic, in the service's possession, concerning the just completed criminal investigation
10   into the capture and death of the jaguar Macho B in southern Arizona that occurred in
11   February and March 2009."  (DSOF ¶¶ 1-2, Dean Decl. ¶ 3).  Davis clarified that he was
12   requesting "the entire criminal investigative report done by the services's Office of Law
13   Enforcement." (DSOF ¶ 2, Dean Decl. ¶ 3). Davis' request was forwarded to Service officials
14   overseeing law enforcement activities throughout the agency's Southwest Region who
15   interpreted the request as seeking all documents contained in investigative case file
16   #2009201972.  (DSOF ¶¶ 3-4, Dean Decl. ¶ 5).  On or about February 17, 2012, Dean
17   completed her review of some 3,661 pages of documents and mailed a redacted version of the
18   requested file to Davis with a cover letter that explained why certain documents had been
19   exempted under various FOIA provisions and informed Davis of his appeal rights.  (DSOF
20   ¶ 10, Dean Decl. ¶ 10). Of the 3,661 pages of documents, 226 pages were withheld in their
21   entirety.  (*Id*.).  Plaintiffs appealed through Department of the Interior administrative
22   procedures but their appeal was subsequently closed as superseded by the present litigation.
23   (DSOF ¶¶ 12-14).

24       Defendants have provided a Vaughn Index to establish that FOIA exemptions were
25   applied in a reasonable manner.  (*Id*. ¶¶ 15-16).  Defendants recently released additional
26   documents described in the Vaughn Index. (Defs.' Resp. SOF at 4, ¶¶ 2-4).  These documents
27   are the Macho B Investigative Report of the Office of Inspector General, U.S. Department of

28
                                        - 2 -

1    the Interior; the redacted procurement solicitation, a single page from a transcript, and a two-

2    page email; and two redacted interviews, a single page map and a page identifying research

3    projects.  (*Id*.).

4          Plaintiffs have filed a Complaint for Injunctive Relief asking that Defendants be

5    enjoined from withholding the requested records and ordered to produce the records for

6    inspection and copying.  (Doc. 1, Compl.).

7    **II.    STANDARD OF REVIEW**

8          In evaluating a motion for summary judgment, the court must view the evidence in the

9    light most favorable to the non-moving party.  Summary judgment is appropriate if "the

10   movant shows that there is no genuine dispute as to any material fact and the movant is

11   entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  A material fact is one "that

12   might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby,*

13   *Inc.*, 477 U.S. 242, 248 (1986).  The non-moving party may not merely rest on its pleadings

14   but it must identify specific facts that show a genuine issue for trial.  *Celotex Corp. v. Catrett*,

15   477 U.S. 317, 323-24 (1986); *Anderson*, 477 U.S. at 256-57.  These standards apply where

16   the parties have filed cross-motions for summary judgment. *Fair Hous. Council of Riverside*

17   *Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The court considers each

18   motion separately under the applicable standard of review. *Id.*

19   **III.   DISCUSSION**

20         Defendants have moved for summary judgment on the ground that the decision to

21   withhold certain documents in their entirety and to redact portions of other documents is

22   supported by appropriate exemptions based on 5 U.S.C. § 552(b).  (Defs.' MSJ at 3).

23   Plaintiffs in their cross-motion for summary judgment contend that Defendants have failed

24   to meet their burden that the withheld information is exempted under FOIA and therefore

25   Plaintiffs are entitled to judgment as a matter of law.  (Pls.' MSJ at 7).

26         "FOIA was enacted to facilitate public access to government records."  *Forest Serv.*

27   *Employees for Envtl. Ethics v. U. S. Forest Serv.*, 524 F.3d 1021, 1023 (9th Cir. 2008 (citing

28
                                          - 3 -

1    *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)).  FOIA serves "'to pierce the

2    veil of administrative secrecy and to open agency action to the light of public scrutiny.'"  *Id.*

3    (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)).  Under FOIA, there are nine

4    enumerated exemptions that allow the government to withhold documents or portions of

5    documents.  *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009) (citing 5

6    U.S.C. § 552(b)(1)-(9)).  When an agency invokes a statutory exemption as justification for

7    the withholding of requested documents or portions of documents, the agency "bears the

8    burden of demonstrating that the exemption properly applies to the documents."  *Id.* (citing

9    *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991)).

10           In determining whether summary judgment is appropriate in a FOIA case, the district

11   court must first have an adequate factual basis for the determination.  *Lissner v. U.S. Customs*

12   *Serv.*, 241 F.3d 1220, 1222 (9th Cir. 2001).  If there is an adequate factual basis, the district

13   court may then determine whether a FOIA provision exempts the document from disclosure.

14   *Id.*  Because FOIA indicates a "'strong presumption in favor of disclosure,'" the Court of

15   Appeals for the Ninth Circuit has held that "'its exemptions are to be interpreted narrowly.'"

16   *Lahr*, 569 F.3d at 973 (citing *Ray*, 502 U.S. at 173; *Assembly of Cal. v.  U.S. Dep't of*

17   *Commerce*, 968 F.2d 916, 920 (9th Cir. 1992)).

18           The government may not respond to a FOIA request with boilerplate or conclusory

19   statements; rather, it  must provide "tailored reasons."  *Shannahan v. IRS*, 672 F.3d 1142,

20   1148 (9th Cir. 2012).  The court "accord[s] substantial weight to an agency's declarations

21   regarding the application of a FOIA exemption."  *Id.* (citing *Hunt v. CIA*, 981 F.2d 1116,

22   1119-20 (9th Cir. 1992)).  Defendants have provided a Vaughn Index along with their Motion

23   for Summary Judgment.  (Doc. 22-2, Vaughn Index).  A Vaughn Index generally includes

24   "detailed public affidavits identifying the documents withheld, the FOIA exemptions claimed,

25   and a particularized explanation of why each document falls within the claimed exemption."

26   *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1082 (9th Cir. 2004).

27

28                                          - 4 -

1      Defendants interpreted Plaintiffs' FOIA request as asking for all files within
2  Investigative Case file #2009201972 which is the designated investigative file related to the
3  Macho B jaguar.  (Defs.' MSJ at 7; Dean Decl. ¶ 5).  Plaintiffs have not challenged
4  Defendants' interpretation of Davis' FOIA request.  According to the Defendants, "[t]his file
5  contained paper files, electronic document files, and e-mail systems of individual employees
6  who had previous involvement with topics mentioned in the FOIA request . . . including the
7  records of employees who were likely to originate and/or retain records responsive to the
8  request."  (Defs.' MSJ at 7).

9      With respect to the documents or portions of documents withheld, Defendants have
10  invoked the FOIA exemptions found at 5 U.S.C. §§ 552(b) (6) and 7(C), which provide as
11  follows:

12      This section does not apply to matters that are - -

13      (6)    personnel and medical files and similar files the disclosure of which
              would constitute a clearly unwarranted invasion of personal privacy;
14
15      (7)    records or information compiled for law enforcement purposes, but only
              to the extent that the production of such law enforcement records or
              information . . .  (C) could reasonably be expected to constitute an
16             unwarranted invasion of personal privacy.

17  5 U.S.C. §§ 552(b)(6), (b)(7)(C).[1]

18      "Exemptions 6 and 7(C) speak of an "'unwarranted'" invasion of personal privacy, not
19  any invasion."  *Lahr*, 569 F.3d at 973.  "Exemption 6 was 'intended to cover detailed
20  Government records on an individual which can be identified as applying to that individual.'"
21  *Prudential Locations LLC v. U.S. Dep't of Hous. and Urban Dev.*, 739 F.3d 424, 429 (9th Cir.
22  2013) (quoted citation omitted).  "[A]n agency must show that 'some nontrivial privacy
23  interest' is at stake."  *Id.* at 430 (quoting *U.S. Dep't of Def. v. FLRA*, 510 U.S. 487, 501
24  (1994)). Exemption 7(C) generally encompasses concerns relating to "'an individual's control

25  _____

26      [1] Defendants also invoked the exemption found at 5 U.S.C.§ 552(b)(5) but because
   Documents Three through Six of the Vaughn Index remain at issue, Defendants rely on
27  Exemptions 6 and 7(C).  (Defs.' MSJ at 3, 11; Defs.' Resp. at 2).

28                                  - 5 -

of information concerning his or her person'" and an "'interest in keeping personal facts away

from the public eye.'" *Lahr*, 569 F.3d at 974 (quoting *U.S. Dep't of Justice v. Reporters

*Comm. for Freedom of the Press*, 489 U.S. 749, 763, 769 (1989)).  Exemption 6 limits the

protection to information that "would constitute" an unwarranted invasion of privacy while

Exemption 7(C) prevents disclosure of information that "could reasonably be expected to

constitute" an unwarranted invasion of privacy.  *Lahr*, 569 F.3d at 974.

A person's privacy interest is highest when disclosure would reveal information

collected about them in conjunction with a criminal inquiry, especially if their connection to

the investigation was due to "mere happenstance."  *Id.*  at 975 (citing *Favish*, 541 U.S. at

166).  Protection from unwanted contact such as by media entities and commercial solicitors

"facilitated by disclosure of a connection to government operations and investigations  is a

cognizable privacy interest under Exemptions 6 and 7( C)."  *Id*. at 975-76.  Agents also "retain

an interest in keeping private their involvement in investigations of especially controversial

events."  *Id*. at 977.

Both exemptions require the court to "balance the privacy interest protected by the

exemptions against the public interest in government openness that would be served by

disclosure."  *Id.* at 973-74.  As for the nature of the relevant public interest served by

disclosure, the Ninth Circuit in *Lahr* explained the Supreme Court's clarification of the issue

as follows:

> Once the government has identified a cognizable privacy interest, "'the *only*
> relevant public interest in the FOIA balancing analysis is the extent to which
> disclosure of the information sought would shed light on an agency's
> performance of its statutory duties or otherwise let citizens know what their
> government is up to.'" *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 355-
> 56 (1997) (per curiam) (alteration and internal quotation marks omitted).
> Where there are relevant privacy interests at stake, a requester must
> demonstrate that the interest served by disclosure 'is a significant one, an
> interest more specific than having the information for its own sake,' and that
> disclosure is likely to advance that interest. [*Nat'l Archives & Records Admin.
> v. Favish*, 541 U.S. 157, 172 (2004)]. Where the public interest advanced is that
> officials were negligent or that they otherwise improperly performed their
> duties, the requester must establish 'more than a bare suspicion' of wrongdoing,
> by 'produc[ing] evidence that would warrant a belief by a reasonable person

that the alleged Government impropriety might have occurred.'" [*Favish*, 541 U.S. at 174].

*Lahr*, 569 F.3d at 974.

### A.   The privacy interest and the public interest

#### 1.   Privacy Interest

Defendants contend that in applying Exemption 7(C) to all records to the extent that they were not segregable, Defendants determined that the privacy interests of third parties, the witnesses, and investigators to be strong.  Furthermore, these individuals have the right to be free from unwarranted invasions of privacy and revealing names and identifying information could expose them to unwanted harassment, annoyance, harm and derogatory publicity because of their connection to the Macho B jaguar investigation. (Defs.' MSJ at 10). Defendants considered that revealing the names and identifying information would shed very little light on government operations.  (*Id*.).

#### 2.   Public Interest

Plaintiffs contend that the public interest in disclosure outweighs the privacy interests due to the credible evidence of wrongdoing and criminal misconduct by the Service.  (Pls.' MSJ at 10-14).  Plaintiffs' evidence of wrongdoing consists of the following allegations:

(1)   information already released by the Service, the allegations by Janay Brun, an alleged "whistleblower," and e-mails suggest that permits held by Arizona Game and Fish that would have allowed it to capture an endangered jaguar under the ESA had expired (Pls.' MSJ at 10, referring to Doc. 25, Second Davis Decl., Ex. G);

(2)   there is significant evidence that the Service knew of the plan to capture Macho B and did nothing to stop it based on alleged email correspondence (Pls.' MSJ at 10, referring to PSOF ¶ 39 & Second Davis Decl., Ex. D, Excerpts of redacted March 18, 2010 Interview Transcript at 39-40);

(3)     there is substantial evidence that the Service attempted to cover up its involvement in the Macho B case based on an Arizona Congressman's statement criticizing the Service for "the attempt to manipulate and cover up", alleged actions by a certain individual, and the accusation by Service agents that an individual had obstructed justice by concealing or destroying records and submitting false statements to investigators (Pls.' MSJ at 10-11, referring to PSOF ¶¶ 42-43, 45);

(4)     an Interior Department Inspector General's report exonerated all federal employees regarding the Macho B incident and only two State of Arizona employees were prosecuted (Pls.' MSJ at 11, referring to PSOF ¶¶ 44, 46, 49, Doc. 25, Downie Decl. ¶ 17);[2]

(5)     investigators allegedly referred an individual for criminal prosecution but the U.S. Attorney's Office allegedly declined to prosecute (Pls.' Reply at 3, referring to *Arizona Republic* news articles and Doc. 25, Moeser Decl., Ex. A-C); and

(6)     a witness has admitted that he or she was "'negligent'" in failing to protect Macho B (Pls.' Reply at 3, referring to Doc. 25, Second Davis Decl., Ex. D, Excerpts of redacted March 18, 2010 Interview Transcript at 63).

Plaintiffs sum up their argument by asserting that "the public deserves to know why Service officials were not held accountable for their actions, and why [an individual] - who apparently still serves as the Service's 'Jaguar Lead' - was not prosecuted." (Pls.' Reply at 3, referring to Doc. 25, Moeser Decl., Ex. C). Elsewhere in their briefing, Plaintiffs contend that "[d]isclosure of the redacted names of public officials and witnesses involved in the investigation would allow the *Star* to fully evaluate the Service's involvement in the Macho

---

[2] Defendants state that these individuals were employed by the State of Arizona. (Defs.' Resp. at 5).

B investigation, from its oversight duties under the ESA to its decision not to prosecute employees for obstructing justice." (Pls.' MSJ at 12). Disclosure of information would further "allow the *Star* to determine whether employees accused of wrongdoing are still on the job overseeing the agency's endangered species program - - and to evaluate what steps the Service has taken to avoid similar problems in the future." (*Id*.). Plaintiffs also contend that "disclosure could shed light on whether Service employees received preferential treatment." (*Id*. at 13). Finally, Plaintiffs argue that the "privacy interests are not weighty." (*Id*.).

### B.     Defendants' Vaughn Index and the Withheld Documents

Defendants' Vaughn Index identifies six withheld documents and provides explanations for their exemption. With respect to the subject documents, Defendants have redacted and withheld information about family members, cell phone numbers, health information, personal travel plans and personal email addresses as allowed under Exemption 6. (Defs.' MSJ at 15, Dean Decl. ¶ 16 & Vaughn Index, Documents 1 and 4). Plaintiffs acknowledge that they are not seeking to inspect private information such as phone numbers, birth dates, employee identification numbers, medical information, and similar information. (Pls.' MSJ at 13). There is no disputed material issue of fact regarding the nondisclosure of this type of personal information.

### 1.     Documents One and Two Are Not In Dispute

Based on the parties' briefing, there no longer appears to be a dispute concerning Documents One and Two.[3] Therefore, the Magistrate Judge recommends that the parties' motions for summary judgment be denied as moot as to Documents One and Two.

---

[3]     Defendants state that on August 15, 2013, they released to Plaintiffs 35 records described as "the same records Defendant[s] identified in its August 30, 2013 Vaughn Index as 'Document 1.'" (Defs.' Resp. at 2). Pls.' Reply at 2 states that "in light of the recent disclosure of Document One in Defendants' Vaughn Index, Plaintiffs seek unredacted (or less redacted) copies of Vaughn Index Documents Three, Four, Five and Six". Also, Plaintiffs do not seek inspection of the draft Congressional testimony identified as Document Two in the Vaughn Index. (Pls.' MSJ at 6, n. 1).

1

### 2. Documents Three through Six

Plaintiffs are seeking "unredacted (or less redacted) copies of Vaughn Index Documents Three, Four, Five and Six, which include memoranda, interview transcripts, correspondence and affidavits, including the names of all public officials mentioned in the records and all officials accused of official misconduct." (Pls.' Reply at 2). Plaintiffs do "not seek the names of the law enforcement officers who conducted the criminal investigation of Service employees." (*Id.*).

According to Defendants, releasing Documents Three, Five and Six in a less redacted form would reveal the identities of subjects of the investigation and the identities of low-level government officials who were directly or indirectly involved in the investigation. (Defs.' MSJ at 10-11; Defs.' Resp. at 8-9). Defendants assert that segregating official information from information with significant privacy interests was deemed untenable. (Defs.' MSJ at 10-11). Defendants argue that the release of Document Four would be an unwarranted invasion of personal privacy for low-level government employees. (Defs.' Resp. at 9).

### 3. Balancing the Privacy Interest and the Public interest; In Camera Review

In exercise of its discretion, this court has examined the nondisclosed documents in camera to determine whether the records or any part of them should be withheld. 5 U.S.C. § 552(a)(4)(B). Thus, the Plaintiffs' motion for an in camera review is denied as moot. This court has not considered whether the Defendants' Vaughn Index was adequate in making this decision.

***Document Three***

Defendants' Vaughn Index identifies Document Three, which is actually two documents, as "Memo and Interview Transcript" regarding a "Request for Legal Advice" addressed to the "State of Arizona's Attorney General's Office" from the "Arizona Game and Fish Department Endangered Species Coordinator" dated March 31, 2009. (Vaughn Index at 5). Defendants describe Document Three as follows:

- 10 -

1

2

3

4

5

6

7

       Request to the State of Arizona's Attorney General's Office for legal advice from an Arizona Game and Fish Department Endangered Species Coordinator, and a transcript of an interview with the author of the request.  This document was obtained by the United States Fish and Wildlife Service during the course of its investigation.  The memorandum relays details of who was involved in the capture of the jaguar Macho B and the sequence of events.   This memorandum also describes in detail the events that transpired in a personal and factual manner.  The names of all parties related to the investigation are intimately woven into the document and separating the identities of the parties from the content would be untenable.  The redactions of names alone would insufficiently protect the privacy interests of the named persons, so it was redacted in full.

(*Id.*)

8

9

10

11

12

13

14

15

16

17

18

19

20

       The court finds that there is no triable issue of fact that the Interview Transcript has been overly redacted.  The purpose of the privacy exemptions is to protect the unwarranted invasion of personal privacy, not to protect government agencies.  The Magistrate Judge recommends that Defendants provide to Plaintiffs a less redacted version of the Interview Transcript, which does not identify any individual.  Information that implicates privacy interests of an individual should be exempted from this new disclosure, which includes the name of the person interviewed and any other persons identified during the interview, and information that could identify any such person.  The court finds the Defendants have not met their burden to show such disclosure could reasonably be expected to constitute an unwarranted invasion of privacy under Exemptions 6 and 7(C).  The court also finds the Plaintiffs have not met their burden to show the public interest outweighs the individual privacy rights in their identities.

21

22

23

24

25

       As to the Memo, the Court finds there is no triable issue of fact that it is exempt from disclosure under Exemptions 6 and 7(C).  Defendants have met their burden to show the individual privacy interest outweighs the public interest in disclosure. The court finds the Memo can not be redacted sufficiently to protect the privacy interests of those individuals named in the Memo because their identities are inextricably intertwined in the content.

26

27

       Accordingly, the Magistrate Judge recommends that the parties' motions for summary judgment should be granted in part and denied in part as to Document Three.  Defendants'

28

Motion for Summary Judgment as to the Memo should be granted. Plaintiffs' Cross-Motion for Summary Judgement as to the Memo should be denied.  Plaintiffs' Cross-Motion for Summary Judgement for the interview transcript should be granted to the extent that the Defendant shall produce a less redacted version, but the identities of persons shall be protected.

***Document Four***

Document Four is identified as "Resume, Biographical Descriptions, Email" concerning "Documents About A Subject of the Investigation" with the sender or author, recipient, and date noted as "Various."  (Vaughn Index at 5-6).  Defendants describe Document Four as follows:

> The United States Fish and Wildlife Service obtained the resume, professional profile, and personal emails of a subject of the investigation for the purpose of conducting an investigation.  These documents are all personal in nature.  For example, some of the emails are solely about a romantic relationship and have no bearing on the operations of the government.  Releasing this information would undoubtedly reveal the identity of the party.  The redactions of names alone would insufficiently protect the privacy interests of the named persons, so it was redacted in full.

(*Id*. at 6).

The Court  finds that there is no triable issue of fact that Document Four is exempt from disclosure.   These records are personal in nature and releasing the information would reveal the identity of the person or persons and constitute an unwarranted invasion of privacy under Exemptions 6 and 7(C).  The public interest served by disclosure of Document Four is not significant.  Therefore, the Magistrate Judge recommends that Defendants' Motion for Summary Judgment should be granted as to Document Four and that Plaintiffs' Motion for Summary Judgment should be denied.

***Document Five***

Defendants have identified Document Five as an "Interview" noted as the "Jaguar Macho B Interview" dated April 3, 2009 consisting of 61 pages.  (Vaughn Index at 6).

1  Defendants have redacted the names of the recipient and sender but have provided the

2  following description of Document Five:

3          This document is a record of an interview conducted by the United States Fish
          and Wildlife Service's Law Enforcement Office related to the jaguar Macho
4          B's capture.  This document contains the names of the law enforcement
          officers, the scope of questions asked and responses, the identities of parties
5          who were either the subject of the investigation or involved in the capturing of
          the jaguar.  The redactions of names alone would insufficiently protect the
6          privacy interests of the named persons, so it was redacted in full.

7  (*Id*.).

8          The Court  finds that there is no triable issue of fact that Document Five has been

9  overly redacted.  As noted above, the purpose of the privacy exemptions is to protect the

10 unwarranted invasion of personal privacy, not to protect government agencies.   The

11 Magistrate Judge recommends that Defendants provide to Plaintiffs a less redacted version

12 of the Interview Transcript, which does not identify any individual.   Information that

13 implicates privacy interests of an individual should be exempted from this new disclosure,

14 which includes the name of the person interviewed and any other persons identified during

15 the interview, and information that could identify any such person.  The court finds the

16 Defendants have not met their burden to show such disclosure could reasonably be expected

17 to constitute an unwarranted invasion of privacy under Exemptions 6 and 7(C).  The court also

18 finds the Plaintiffs have not met their burden to show the public interest outweighs the

19 individual privacy rights in their identities.

20         Accordingly, the Magistrate Judge recommends that the parties' motions for summary

21 judgment should be granted in part and denied in part as to Document Five.  Defendants'

22 Motion for Summary Judgment should be granted to the extent that personal information

23 should not be disclosed and denied to the extent that a less redacted version of this record

24 should be disclosed.  Plaintiffs' Cross-Motion for Summary Judgment should be granted to

25 the extent that a less redacted version of this record should be disclosed and denied to the

26 extent that personal information should not be disclosed.

27

28
                                         - 13 -

***Document Six***

Document Six is identified as six pages of "Affidavits" concerning "Draft Affidavits by Parties" with the date indicated as "Unknown." (Vaughn Index at 6). The recipient of Document Six is the "United States Fish and Wildlife Service" but the sender's name is shown as "Redacted." (*Id.*)   Defendants have provided the following description of Document Six:

> These documents are affidavits completed by parties who were interviewed by the United States Fish and Wildlife Service's Law Enforcement Office related to the jaguar Macho B's capture. These documents contain the identities of parties who were either the subject of the investigation or involved in the capturing of the jaguar. The redactions of names alone would insufficiently protect the privacy interests of the named persons, so it was redacted in full.

(*Id.* at 7).

The Court  finds that there is no triable issue of fact that Document Six is exempt from disclosure under Exemptions 6 and 7(C). Defendants have shown that redacting the names of persons identified in Document Six would insufficiently protect the privacy interests of these individuals. The public interest served by disclosure of Document Six is not significant. The Magistrate Judge therefore recommends that Defendants' Motion for Summary Judgment as to Document Six should be granted and Plaintiffs' Cross-Motion for Summary Judgment should be denied.

**IV.   RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review, enter an order granting in part and denying in part the parties' Motions for Summary Judgment (Doc. 22, 24). Defendants' Motion for Summary Judgment should be granted as to the Memo contained in Document Three and as to Documents Four and Six on the Vaughn Index as these documents have been properly exempted from disclosure under Exemptions 6 and 7(C). Defendants' Motion for Summary Judgment should be granted as to the Interview Transcript contained in Document Three and as to Document Five to the extent that personal information should not be disclosed. Defendants' Motion for

Summary Judgment should be denied as to the Interview Transcript contained in Document Three and as to Document Five as these documents have been overly redacted under Exemptions 6 and 7(C) and Defendants should disclose less redacted versions of these documents.

Plaintiffs' Cross-Motion for Summary Judgment should be granted as to the Interview Transcript contained in Document Three and as to Document Five to the extent that Defendants should disclose less redacted versions of these documents. Plaintiffs' Cross-Motion for Summary Judgment should be denied as to the Interview Transcript contained in Document Three and as to Document Five to the extent that personal information should not be disclosed, as to the Memo contained in Document Three, and as to Documents Four and Six. The parties' Motions for Summary Judgment should be denied as moot as to Documents One and Two on the Vaughn Index.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. Any objections filed should be captioned with the following case number: CV-13-00080-TUC-CKJ.

DATED this 7th day of February, 2014.


D. Thomas Ferraro
United States Magistrate Judge

- 15 -