1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8   STAR PUBLISHING COMPANY;      )
    TONY DAVIS,                    )
9                                  )
              Plaintiffs,          )      No. CIV 13-080-TUC-CKJ
10                                 )
    vs.                            )
11                                 )      **ORDER**
    UNITED STATES FISH AND         )
12  WILDLIFE SERVICE; UNITED       )
    STATES DEPARTMENT OF           )
13  THE INTERIOR,                  )
                                   )
14            Defendants.          )
    _____)

15

16        On February 7, 2014, Magistrate Judge D. Thomas Ferraro issued a Report and

17  Recommendation (Doc. 36) in which he recommended that the parties' Motions for Summary

18  Judgment (Docs. 22 and 24) be granted in part and denied in part.  The magistrate judge

19  advised the parties that written objections to the Report and Recommendation were to be

20  filed within fourteen days of service of a copy of the Report and Recommendation pursuant

21  to 28 U.S.C. § 636(b).  Plaintiffs and Defendants have each filed objections.

22
    I.  *Report and Recommendation*
23
24        The magistrate judge recommended Defendants' Motion for Summary Judgment

25  should be granted as to the Memo contained in Document Three and as to Documents Four

26  and Six on the Vaughn Index, finding these documents were properly exempted from

27  disclosure under Freedom of Information Act ("FOIA") Exemptions 6 and 7(C).  *See* 5

28  U.S.C. §§ 552(b)(6) and (7)(C).  The magistrate judge further recommended  Defendants'

1   Motion for Summary Judgment should be granted as to the Interview Transcript contained

2   in Document Three and as to Document Five to the extent that personal information should

3   not be disclosed.  The magistrate judge also recommended Defendants' Motion for Summary

4   Judgment should be denied as to the Interview Transcript contained in Document Three and

5   as to Document Five, finding these documents had been overly redacted under Exemptions

6   6 and 7(C).

7        The magistrate judge recommended Plaintiffs' Cross-Motion for Summary Judgment

8   should be granted as to the Interview Transcript contained in Document Three and as to

9   Document Five to the extent that Defendants should disclose less redacted versions of these

10   documents.  The magistrate judge further recommended Plaintiffs' Cross-Motion for

11   Summary Judgment should be denied (1) as to the Interview Transcript contained in

12   Document Three and as to Document Five to the extent that personal information should not

13   be disclosed, (2) as to the Memo contained in Document Three, and (3) as to Documents

14   Four and Six.

15        Lastly, the magistrate judge recommended the parties' Motions for Summary

16   Judgment should be denied as moot as to Documents One and Two on the Vaughn Index.

17        This Court "may accept, reject, or modify, in whole or in part, the findings or

18   recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C.

19   § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then

20   this Court is required to "make a de novo determination of those portions of the [report and

21   recommendation] to which objection is made."  The statute does not "require [] some lesser

22   review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50,

23   106 S.Ct. 466, 88 L.Ed.2d 435 (1985).  Rather, this Court is not required to conduct "any

24   review at all . . . of any issue that is not the subject of an objection."  Id. at 149.

25

26   II. *In Camera Review*

27        The Court has reviewed the documents that are the subject of this litigation.  These

28

1   documents were provided to the magistrate judge by Defendants; the magistrate judge has

2   provided them to this Court.  This Court will return the documents to the magistrate judge

3   at this time.  Upon conclusion of this case, the Court will issue an order regarding the return

4   or the retention of these documents.

5

6   III.  *Privacy Interests – Names of Public Officials and Other Private Individuals*

7          Plaintiffs argue the names of administrative employees of the United States Fish and

8   Wildlife Service ("Service") involved in the Macho B case, including Erin Fernandez

9   ("Fernandez") and her supervisors, should be disclosed in all of the investigative records

10  produced to date by the Service, including Documents Three, Five and Six on the

11  Government's Vaughn Index.  Plaintiffs also argue that redaction of the names of Janay Brun

12  ("Brun") and Emil McCain ("McCain") in the records advances no cognizable privacy

13  interest and serves only to obfuscate the public's ability to interpret the Macho B records and

14  evaluate the Service's handling of the case.

15         Plaintiffs point out that Exemptions 6 and 7(C) of FOIA require a court "to balance

16  the privacy interests of the individuals protected against the public interest at stake."

17  *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 808 (9th Cir. 1995).  Like all of FOIA's

18  statutory exceptions, Exemptions 6 and 7(C) "must be narrowly construed[,]" and "the

19  burden is on the agency to sustain its action."  *Lion Raisins Inc. v. U.S. Dep't of Agriculture*,

20  354 F.3d 1072, 1079 (9th Cir. 2004); 5 U.S.C. § 552(a)(4)(B).  Records that shed light on

21  government negligence, failure to perform duties, malfeasance in office or other official

22  misconduct satisfy the "public interest" standard.  *Lahr v. National Transp. Safety Bd.*, 569

23  F.3d 964 (9th Cir. 2009); *Rosenfeld*, 57 F.3d at 811.  "Where the public interest advanced is

24  that officials were negligent or that they otherwise improperly performed their duties, the

25  requester must establish 'more than a bare suspicion' of wrongdoing, by 'produc[ing]

26  evidence that would warrant a belief by a reasonable person that the alleged Government

27  impropriety might have occurred.'"  *Lahr*, 569 F.3d at 974, *citation omitted*.

28
                                      - 3 -

1    The evidence of wrongdoing, as set forth by Plaintiffs, is as follows:  information

2    already known to the public suggests that permits held by Arizona Game and Fish that would

3    have allowed it to capture an endangered jaguar under the ESA had expired; there is

4    significant evidence that the Service knew of the plan to capture Macho B and did nothing

5    to stop it based on alleged email correspondence; an Arizona Congressman criticized the

6    Service for attempts to manipulate and cover up actions; Service agents accuse an individual

7    of concealing or destroying records and making false statement; an Interior Department

8    Inspector General's report exonerated all federal employees regarding the Macho B incident

9    and only two State of Arizona employees were prosecuted; the U.S. Attorney's Office

10   allegedly declined to prosecute an individual for criminal prosecution, and; and a witness has

11   admitted that he or she was negligent in failing to protect Macho B.

12   Plaintiffs argue that the public deserves to know why Service officials were not held

13   accountable for their actions (i.e., why the Service's 'Jaguar Lead' was not prosecuted).

14   Plaintiffs also assert the "[d]isclosure of the redacted names of public officials and witnesses

15   involved in the investigation would allow [Plaintiffs] to fully evaluate the Service's

16   involvement in the Macho B investigation, from its oversight duties under the [Endangered

17   Species Act] to its decision not to prosecute employees for obstructing justice." (Pls.' MSJ

18   at 12).  Plaintiffs argue this evaluation would allow them to determine whether employees

19   accused of wrongdoing still oversee the endangered species program, determine whether

20   employees received preferential treatment, and review what steps the Service has taken to

21   avoid similar problems in the future.

22   Defendants, however, determined that the privacy interests of third parties, the

23   witnesses, and investigators were strong.  These individuals have the right to be free from

24   unwarranted invasions of privacy and revealing names and identifying information could

25   expose them to unwanted harassment, annoyance, harm and derogatory publicity because of

26   their connection to the Macho B jaguar investigation.  *See e.g., Forest Serv. Employees for*

27   *Env. Ethics v. United States Forest Service*, 524 F.3d 1021 (9th Cir. 2008).  Additionally,

28

1   Defendants considered that disclosure of the names and identifying information would shed
2   very little light on government operations.

3          The Court recognizes that "the fact that 'an event is not wholly "private" does not
4   mean that an individual has no interest in limiting disclosure or dissemination of the
5   information.'" *Favish v. Office of Independent Counsel*, 217 F.3d 1168, 1184 (9th Cir.
6   2000), *citations omitted; see also Forest Serv. Employees*, 524 F.3d at 1025 n. 3.  Therefore,
7   simply because some information is already in the public realm, does not obviate the need
8   for balancing the privacy concerns against the public interest.  Moreover, simply because
9   some individuals have provided public information does not mean that any formal waivers
10  of privacy concerns have been submitted to the Court.  *See e.g. Forest Serv. Employees*, 524
11  F.3d  at 1023 (where an individual waived any right to confidentiality, agency provided
12  disclosure with all references to that individual unredacted).  Lastly, the Court considers that,
13  although privacy concerns may be somewhat diminished where the information sought would
14  likely disclose official misconduct, *id*. at 1025, it does not appear that any Service employees
15  have been accused of official misconduct based on the Interior Department Inspector
16  General's report exonerating all federal employees regarding the Macho B incident.  *Id.* at
17  1026 (disciplinary decisions did not strip employees of privacy interests).

18

19  IV.  *Document Three – Memo*

20         Plaintiffs object to the magistrate judge's recommendation that names and identifying
21  information continue to be redacted from the Memo.  However, the magistrate judge
22  recommended that Defendants' Motion for Summary Judgment be granted as to the Memo
23  because it cannot be redacted sufficiently to protect the privacy interests of the individuals
24  named in the Memo.  The Court's *in camera* review of the Memo reveals that the redaction
25  of names and identifying information would insufficiently protect the privacy interests of the
26  person identifiable in or by the Memo.  Furthermore, the disclosure of the Memo would not
27  significantly advance the public interest.  Indeed, its disclosure would not serve FOIA's

28

central purpose of piercing "'the veil of administrative secrecy and [opening] agency action to the light of public scrutiny.'"  *U.S. Dept. of State v. Ray*, 502 U.S. 164, 173 (1991), *citation omitted*.  The Court agrees with the magistrate judge that this document is exempted from disclosure as the disclosure would constitute a clearly unwarranted invasion of privacy under 5 U.S.C. § 552(b)(6) and could reasonably be expected to constitute an unwarranted invasion of personal privacy under 5 U.S.C. § 552(b)(7).

V.  *Document Three – Transcript*

The Court agrees with the magistrate judge in the balancing of the public interest against the privacy concerns as to the transcript included within Document Three.  The public interest in the disclosure of the names and identifying information does not greatly advance the public interest and the disclosure of names and identifying information will not appreciably further the public's right to monitor Defendants' actions.  Although Plaintiffs argue the privacy interests are not weighty, the Court finds the interests are measurable, *Forest Serv. Employees*, 524 F.3d at 1026-27, and the disclosure of names and identifying information will not appreciably further the public's right to monitor Defendants' actions.  *Id*. at 1027.  The disclosure of the names and identifying information would constitute a clearly unwarranted invasion of privacy under 5 U.S.C. § 522(b)(6) and could reasonably be expected to constitute an unwarranted invasion of personal privacy under 5 U.S.C. § 552(b)(7).

VI.  *Document Five – Interview*

The Court agrees with the magistrate judge in the balancing of the public interest against the privacy concerns as to the April 2, 2009 interview conducted by the United States Fish and Wildlife Service's Law Enforcement Office.  In weighing the evidence of wrongdoing and public interest against the privacy interest, the Court finds the public interest in the disclosure of the names and identifying information does not greatly advance the

1   public interest.  Additionally, the Court finds the interests are measurable, *Forest Serv.*

2   *Employees*, 524 F.3d at 1026-27, and the disclosure of names and identifying information

3   will not appreciably further the public's right to monitor Defendants' actions.  *Id*. at 1027.

4   The disclosure of the names and identifying information would constitute a clearly

5   unwarranted invasion of privacy under 5 U.S.C. § 522(b)(6) and could reasonably be

6   expected to constitute an unwarranted invasion of personal privacy under 5 U.S.C. §

7   552(b)(7).

8

9   VII.  *Document Six – Affidavits*

10         The Court's *in camera* review of the affidavits and draft affidavits reveals that the

11  redaction of names and identifying information would insufficiently protect the privacy

12  interests of the person identifiable in or by the affidavits.  The disclosure of the affidavits

13  would not significantly advance the public interest.  The Court agrees with the magistrate

14  judge that these documents are exempted from disclosure as the disclosure would constitute

15  a clearly unwarranted invasion of privacy under 5 U.S.C. § 522(b)(6) and could reasonably

16  be expected to constitute an unwarranted invasion of personal privacy under 5 U.S.C. §

17  552(b)(7).

18

19  VIII.  *In Camera Review of Less Redacted Interview Transcripts or Further Direction*

20         Defendants do not object to the recommendations of the magistrate judge, but assert:

21              that certain specific information that was redacted from the interview
                transcripts may, in the abstract, lead a third-party (including a Magistrate
22              Judge) to conclude that it does not implicate any individual's privacy interest;
                however, that same information to someone familiar with the underlying facts
23              would be significant. Defendants are able to prepare less-redacted versions of
                the interview transcripts. However, without further direction or an opportunity
24              for explanation (in the form of an ex parte declaration or otherwise),
                Defendants are concerned that revised redacted versions might not meet
25              judicial expectation and/or simply prolong this litigation.

26  Def.'s Obj. at 5.  Plaintiffs assert, however, that Defendants should not be allowed to

27  "withhold pertinent information from public inspection based on the malleable standard of

28

what 'someone familiar with the underlying facts' might find significant." Pl.'s Reply at 2.

The parties do not present any authority for their positions. However, the Supreme Court has recognized that the courts may have to examine "records themselves and require disclosure of portions to which the purposes of the exemption under which they are withheld does not apply." *Dept. of Air Force v. Rose*, 425 U.S. 352, 374 (1976) (quoting S.Rep. No. 93–854, p. 32 (1974)). Additionally, another district court has utilized ongoing *in camera* reviews to ensure compliance with FOIA. *See Islamic Shura Council of Southern California v. F.B.I.*, 278 F.R.D. 538 (C.D.Cal. 2011), *rev'd on other grounds*, — F.3d —, 2014 WL 1013324 (March 18, 2014). Moreover, the Court's *in camera* review indicates that conduct described in the documents may provide identifying information that may not typically be considered identifying information. Because the conduct described in the documents is limited to a few individuals, disclosure of such conduct may subject such persons to "undeserved embarrassment and attention." *Hunt v. F.B.I.*, 972 F.2d 286, 289 (1992).

Because Defendants' interpretation of "identifying information" may not ensure FOIA compliance and in the interests of judicial economy, the Court will direct Defendants to provide the less-redacted transcripts to the magistrate judge for further review. The Court will leave to the discretion of the magistrate judge to determine what procedure to follow to conduct this supplemental review (e.g., submission of less-redacted documents only, submission of supplemental briefs, etc.).

Accordingly, IT IS ORDERED:

1.      The Report and Recommendation (Doc. 36) is ADOPTED.

2.      Defendants' Motion for Summary Judgment (Doc. 22) is GRANTED IN PART AND DENIED IN PART. The Motion for Summary Judgment is GRANTED as to the Memo contained in Document Three and as to Documents Four and Six on the Vaughn Index as these documents have been properly exempted from disclosure under Exemptions set forth in 5 U.S.C. §§ 552(b)(6) and (7)(C). Defendants' Motion for Summary Judgment is

GRANTED as to the Interview Transcript contained in Document Three and as to Document Five to the extent that personal information shall not be disclosed.  Defendants' Motion for Summary Judgment is DENIED as to the Interview Transcript contained in Document Three and as to Document Five as these documents have been overly redacted under Exemptions set forth in 5 U.S.C. §§ 552(b)(6) and (7)(C) and Defendants shall disclose less redacted versions of these documents.

3.     Plaintiffs' Cross-Motion for Summary Judgment (Doc. 24) is GRANTED IN PART AND DENIED IN PART.  The Cross-Motion for Summary Judgment is GRANTED as to the Interview Transcript contained in Document Three and as to Document Five to the extent that Defendants shall disclose less redacted versions of these documents.  Plaintiffs' Cross-Motion for Summary Judgment is DENIED as to the Interview Transcript contained in Document Three and as to Document Five to the extent that personal information shall not be disclosed, as to the Memo contained in Document Three, and as to Documents Four and Six.

4.     The parties' Motions for Summary Judgment (Docs. 22 and 24) are DENIED AS MOOT as to Documents One and Two on the Vaughn Index.

5.     This matter case is referred back to Magistrate Judge D. Thomas Ferraro for further pretrial proceedings and report and recommendation in accordance with the provisions of 28 U. S. C. § 636(b)(1) and L.R.Civ.P. 72.1 and 72.2.

All future filings in this case shall be designated:

**CIV-13-080-TUC-CKJ (DTF)**

DATED this 22nd day of April, 2014.

_____
Cindy K. Jorgenson
United States District Judge

- 9 -