1
2
3
4
5
6               **IN THE UNITED STATES DISTRICT COURT**
7                   **FOR THE DISTRICT OF ARIZONA**
8
9    Star Publishing Company, et al.,          No. CV-13-0080-TUC-CKJ (DTF)
10                      Plaintiffs,             **REPORT AND**
                                                **RECOMMENDATION**
11   v.
12   United States Fish and Wildlife Service, et
     al.,
13
14                      Defendants.
15
16           This Freedom of Information Act (FOIA) matter is before the Magistrate Judge for
17   a final *in camera* review of two redacted interview transcripts. The Magistrate Judge
18   recommends the District Court find that Defendants have complied with the Court's
19   directive and the disclosure is sufficient.
20
21                               **DISCUSSION**
22           In this case, six categories of documents were originally at issue as classified on
23   Defendants' Vaughn Index. (Doc. 22, Ex. 2.) The parties filed and briefed cross-motions
24   for summary judgment. (Docs. 22-28.) During that process, the parties independently
25   resolved their dispute regarding Documents 1 and 2. (Doc. 36 at 9 & n.3.) After a Report
26   and Recommendation, the District Judge ruled on the motions. (Doc. 43.) She entered a
27
28   final decision as to the Memo contained in Document Three and the entirety of

Documents Four and Six, but required further proceedings as to the Interview Transcript contained in Document Three and the entirety of Document Five.[1]

With respect to Document Three (Interview Transcript) and Document Five, the Court ruled that "[t]he disclosure of the names and identifying information would constitute a clearly unwarranted invasion of privacy under 5 U.S.C. § 522(b)(6) and could reasonably be expected to constitute an unwarranted invasion of personal privacy under 5 U.S.C. § 522(b)(7)." (Doc. 43 at 7, 8.) However, the Court concluded that Defendants should provide less-redacted versions of these documents. Defendants were directed to provide the newly-redacted documents to the Magistrate Judge for further review. They subsequntly provided the documents with an ex parte explanatory email. Taking into account feedback from the judge, Defendants altered the redactions and provided a second ex parte email discussing their decisions. After additional ex parte telephonic consultation with Defendants' counsel and further revisions, the Court finds that the current version of Document Three (Interview Transcript) and Document Five sufficiently protect privacy interests without redacting additional non-identifying material. Defendants have provided a copy of the final redactions as reviewed by the Magistrate Judge to Plaintiffs. (Doc. 47.) The Magistrate Judge will provide the *in camera* documents and emails to the District Judge for review of this Recommendation.

---

[1] The Court determined that Documents Three (Memo), Four and Six were exempt from disclosure, pursuant to 5 U.S.C. §§ 552(b) (6) and (7)(C). (Doc. 43 at 8.) Additional factual history and governing legal authority can be found in the Report and Recommendation and the Court's Order. (Docs. 36, 43.)

**RECOMMENDATION**

The Magistrate Judge recommends that the District Court, after a de novo, *in camera*, review, find that Defendants have complied with their obligations under FOIA.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

Dated this 8th day of July, 2014.

D. Thomas Ferraro
United States Magistrate Judge