**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STAR PUBLISHING COMPANY;<br>TONY DAVIS,<br><br>       Plaintiffs,<br><br>vs.<br><br>UNITED STATES FISH AND<br>WILDLIFE SERVICE; UNITED<br>STATES DEPARTMENT OF<br>THE INTERIOR,<br><br>       Defendants. | No. CIV 13-080-TUC-CKJ<br><br>**ORDER** |

On July 8, 2014, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation (Doc. 48) in which he recommended that this Court find Defendants have complied with their obligations under the Freedom of Information Act.  Plaintiffs have filed an Objection and Defendants have filed a response.

I. *Report and Recommendation*

The magistrate judge summarized the procedural history of the case, including the additional proceedings since this matter was referred back to the magistrate judge for further proceedings.  The magistrate judge found the current redacted version of Document Three (Interview Transcript) and Document Five sufficiently protect privacy interests without redacting additional non-identifying material.  The magistrate judge stated Defendants have provided a copy of the final redactions to Plaintiffs.

## II.  *In Camera Review*

The Court has reviewed the documents that are the subject of this litigation.  As stated by the magistrate judge, the magistrate judge forwarded these documents and the emails between the magistrate judge and counsel for Defendants to this Court.

## III.  *Privacy Interests – Names of Public Officials and Other Private Individuals*

Plaintiffs again argue the names of employees of the United States Fish and Wildlife Service ("Service") involved in the Macho B case should be disclosed in Document Three and Document Five.  Indeed, Plaintiffs argue that additional transparency is needed because the Document Three transcript shows that an Arizona Game and Fish Department ("AGFD") "is at least as concerned how state and federal officials manage the 'story' of the capture and death of 'Macho B' as finding out what happened."  Objection , Doc. 49, p. 2.  Further, Plaintiffs incorporate previous arguments they have made.

In "balanc[ing] the privacy interests of the individuals protected against the public interest at stake[,]" *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 808 (9th Cir. 1995), the Court considers that the public interest in the disclosure of the names and identifying information does not greatly advance the public interest and the disclosure of names and identifying information will not appreciably further the public's right to monitor Defendants' actions.  However, the disclosure of the names and identifying information would constitute a clearly unwarranted invasion of privacy under 5 U.S.C. § 522(b)(6) and could reasonably be expected to constitute an unwarranted invasion of personal privacy under 5 U.S.C. § 552(b)(7).  *See Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 975-77 (9th Cir. 2009) (a person's privacy interest is highest when disclosure would reveal information collected about them in conjunction with a criminal inquiry; protection from unwanted contact such as by media entities and commercial solicitors "facilitated by disclosure of a connection to government operations and investigations is a cognizable privacy interest[;] persons "retain an interest in keeping private their involvement in investigations of especially controversial

events"); *Hunt v. F.B.I.*, 972 F.2d 286, 289 (1992).  The Court again finds the disclosure of the names and identifying information would constitute a clearly unwarranted invasion of privacy under 5 U.S.C. § 522(b)(6) and could reasonably be expected to constitute an unwarranted invasion of personal privacy under 5 U.S.C. § 552(b)(7).

Accordingly, IT IS ORDERED:

1.     The Report and Recommendation (Doc. 48) is ADOPTED.

2.     The Court finds Defendants have complied with their obligations under the Freedom of Information Act and need not further redact the documents at issue.

3     The Court's staff shall return the *in camera* documents (discussed in this Order and the Court's April 23, 2014, Order) and the emails between the magistrate judge and Defendants' counsel to counsel for Defendants.  Counsel for Defendants shall retain the documents for any appellate review.

4.     The Clerk of Court shall enter judgment and shall then close its file in this matter.

DATED this 3rd day of September, 2014.

_____
Cindy K. Jorgenson
United States District Judge

- 3 -